IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

METROPOLITAN PROPERTY         )
and CASUALTY INSURANCE        )
COMPANY,                      )
                              )
    Plaintiff,                )
                              )     CIVIL ACTION NO.
    v.                        )     3:06cv244-MHT
                              )
FRED D. GRAY,                 )
                              )
    Defendant.                )

ORDER

The allegations of the plaintiff's complaint are insufficient to invoke this court's jurisdiction under 28 U.S.C. § 1332.[1] To invoke jurisdiction based on diversity, a complaint must distinctly and affirmatively alleged each party's citizenship. McGovern v. American

---

1. The plaintiff's complaint actually cites "28 U.S.C. § 1132," but there is no § 1132 in Title 28 of the United States Code, as far as the court can tell. The court therefore presumes that this is a scrivener's error and that the plaintiff meant to cite § 1332.

Airlines, Inc., 511 F. 2d 653, 654 (5th Cir. 1975) (per curiam).[2]

28 U.S.C. § 1332(c) provides that a corporation shall be deemed a citizen, first, of all States by which it has been incorporated and, second, of the State where it has its principal place of business.  To invoke jurisdiction based on diversity in a case in which a corporation is a party, it is thus necessary to allege distinctly and affirmatively all the States by which the corporation has been incorporated and the State in which the corporation has its principal place of business.  American Motorists Ins. Co. v. American Employers' Ins. Co., 600 F.2d 15, 16 and n.1 (5th Cir. 1979) (per curiam).  The plaintiff's complaint fails to allege sufficiently the citizenship of the corporate plaintiff.

In addition, the plaintiff's complaint fails to meet

---

2.  In Bonner v. Prichard, 661 F.2d 1206, 1209 (11 th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

§ 1332's requirements because the complaint gives the "residence" rather than the "citizenship" of the defendant.  An allegation that a party is a "resident" of a State is not sufficient to establish that a party is a "citizen" of that State.  Delome v. Union Barge Line Co., 444 F.2d 225, 233 (5th Cir.), cert. denied, 404 U.S. 995 (1971).

It is therefore the ORDER, JUDGMENT, and DECREE of the court that the plaintiff has until April 17, 2006, to amend the complaint to allege § 1332 jurisdiction sufficiently, see 28 U.S.C. § 1653; otherwise, this cause shall be dismissed without prejudice.

DONE, this the 6th day of April, 2006.

　　　　　　　　　　　　　　/s/ Myron H. Thompson
　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE