IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No.: 3:06 CV 244-MHT ) |
| FRED D. GRAY, | ) ) |
| Defendant. | ) ) |

**SECOND AMENDED COMPLAINT FOR DECLARATORY JUDGMENT**

**PARTIES**

1.  Plaintiff Metropolitan Property and Casualty Insurance Company is a corporation organized and existing under the laws of the State of Rhode Island with its principal place of business in the State of Rhode Island, which at all times relevant to this Complaint, was authorized to conduct business in Alabama, has been, and is engaged in the marketing of insurance products in Alabama.

2.  Upon information and belief, Fred D. Gray is domiciled in and is an individual resident and citizen of Tuskegee, State of Alabama.

3.  Subject matter jurisdiction is properly based upon the diverse citizenship of the parties, 28 U.S.C. § 1332, regarding an amount in controversy in excess of $75,000.00.

4.  The present action is filed pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, et seq.

## FACTS

5. Metropolitan Property and Casualty Insurance Company issued a Valuable Insurance Protection Plus Homeowners Policy to Fred D. Gray as named insured, bearing policy number 4232617270. (A certified copy of said policy, complete with declarations and all endorsements, is attached as Exhibit A). The policy had a policy period of December 7, 2003 through December 7, 2004. This policy provided homeowners coverage for Fred D. Gray's residence located at 1005 E. Lakeshore Drive, Tuskegee, Alabama, 36083. The policy further provided coverage for personal property, subject to certain limits and exclusions, as will be set forth below.

6. On or about February 10, 2004, a fire occurred at the law offices of Gray, Langford, Sapp, McGowan, Gray & Nathanson, located at 108 Eastside Street and 118 Eastside Street, Tuskegee, Alabama, 36093. Upon information and belief, Fred D. Gray is the owner of the real property and buildings located at 108 and 118 Eastside Street, Tuskegee, Alabama, 36093, and is a senior partner practicing in the law firm of Gray, Langford, Sapp, McGowan, Gray & Nathanson, located at 108 Eastside Street, Tuskegee, Alabama 36093.

7. On or about February 17, 2004, Fred D. Gray filed a claim under the Valuable Insurance Protection Plus Homeowners Policy issued by Metropolitan Property and Casualty Insurance Company based upon the loss which occurred at the law offices of Gray, Langford, Sapp, McGowan, Gray & Nathanson, 108 Eastside Street, Tuskegee, Alabama, 36093, on February 10, 2004. Through filing the claim with Metropolitan Property and Casualty Insurance Company, Gray sought coverage under the Valuable

Insurance Protection Plus Homeowners Policy for contents located at 108 Eastside Street, Tuskegee, Alabama 36093, which Gray claims are personal in nature. (A copy of the personal property worksheet submitted by Fred D. Gray to Metropolitan Property and Casualty Insurance Company is attached as Exhibit B).

8. For the reasons set forth below, there is a justiciable controversy regarding the extent of coverage under the Metropolitan Property and Casualty Insurance Company policy for the contents claimed by Gray as personal property, and this subject controversy should be decided pursuant to 28 U.S.C. §§ 2201 and 2202 in order to determine the rights and liabilities, if any, of all parties herein.

## POLICY PROVISIONS

9. Metropolitan Property and Casualty Insurance Company provided a homeowners policy of insurance naming Fred D. Gray as the named insured. The policy language at issue provides, in pertinent part:

### GENERAL DEFINITIONS

**"BUSINESS"** or **"BUSINESS PURPOSES"** means:

1. Any full or part time activity of any kind engaged in for economic gain, and the use of any part of any premises for such purposes.
2. **Your** property rented or held for rental by **you.** Rental of the **residence premises** is not considered **business** when:
   A. it is rented occasionally for use as a residence:
   B. a portion is rented to no more than two roomers or boarders;
   C. a portion is rented as a private garage.

### SECTION I – CONDITIONS

1. **Insurable Interest And Limit Of Liability. We** will not pay any person or organization an amount greater than its insurable interest in the property covered at the time of the loss.

   Regardless of the number of persons or organizations who qualify for coverage, **we** will not pay more than the applicable limit of liability.

3

2.   **What You Must Do After A Loss.** If **you** have a loss, **you** must do the following;

B.   Protect the property from further damage, make reasonable and necessary repairs required to protect the property and keep a record of necessary expenditures.

C.   Prepare an inventory of damaged or stolen personal property showing, in detail, the quantity, age, description, actual cash value and amount of loss claimed for each item. Attach to the inventory all bills and other documents that substantiate the figures in the inventory.

   D.   At any reasonable time and place **we** designate, and as often as **we** require:

   1.   show **us** the damaged property;

2.   submit to questions concerning the loss under oath while not in the presence of any other person defined as **"you"**, and sign and swear to the answers;

3.   allow **us** to examine and copy or abstract any records and documents **we** request.

E.   Within 60 days after loss, **you** must file with **us** a signed and sworn proof of loss, stating to the best of **your** knowledge:

1.   the time and cause of loss; and

2.   **your** interest and that of any other person in the property involved and all encumbrances on the property; and

3.   a description of each item, including all information contained in the inventory described in C. above; and

4.   a description of other insurance policies that might apply to the loss; and

5.   any changes in ownership, use, possession or location of the property that took place since this policy was issued; and

6.   if loss is to a building, who occupied it at the time of loss, what the purposes of such occupancy were, and whether the building stood on leased ground; and

7.   specifications of any damaged building, fixture of machinery and detailed estimates for repair of the damage;

\* \* \* \* \* \*

Further, the policy states, in pertinent part:

**COVERAGE C – PERSONAL PROPERTY**

**We** will cover personal property owned or used by **you** while it is anywhere in the world.

**Our** limit of liability for personal property usually situated at **your** residence, other than the **residence premises** described in the Declarations, is 10% of the limit of liability for Coverage C. Personal property in a newly acquired principal residence is not subject to this limitation for the 30 days immediately after **you** begin to move **your** property there.

**SPECIAL LIMITATIONS ON CERTAIN PROPERTY**

**We** will not pay more than the following amount for each group in any one **occurrence:**

1.   $200 for money, bullion, bank notes, coins, medals and other numismatic property.

2.   $1000 for securities, checks, cashier's checks, traveler's checks, money orders and other negotiable instruments, accounts, bills, deeds, evidences of debt, letters of credit, notes other than bank notes, passports, tickets and stamps, including philatelic property.

3.   $1000 for manuscripts, including the cost to research, replace or restore the information from the lost or damaged material.

4.   $1000 for loss by theft of jewelry, watches, furs, precious and semi-precious stones.

5.   $1000 for watercraft, including their trailers, furnishings, equipment and outboard motors.

6.   $1000 for trailers not used with watercraft.

7.   $2000 for loss by theft of firearms and related equipment.

5

    8.    $250 for any property used or intended for use in a **business.** This does not include any **computer** and the **peripheral device, media** or **purchased software** used with it. This also does not include merchandise held as samples or for sale or delivery after a sale.

*   *   *   *   *   *

**PERSONAL PROPERTY NOT COVERED**

**We** do not cover:

1.    articles separately described and specifically insured by this or any other policy;

\*\*\*

5.    property of roomers and boarders not related to **you;**

6.    property of tenants, whether related to **you** or not;

7.    property rented or held for rental to others when not on the **residence premises;**

8.    books of account, abstracts, drawings, card index systems and other records. **We** will cover the cost of blank books, cards or other blank material plus the cost of labor **you** incur for transcribing or copying such records. This exclusion does not apply to film, tape, disc, drum, cell and other magnetic recording or **media** for electronic data processing;

\*\*\*

11.    any merchandise held as samples or for sale or delivery after a sale.

*   *   *   *   *   *

Further, the policy is endorsed with Form H208 which contains, also in pertinent part:

3.    Under **SECTION I – COVERAGES, SPECIAL LIMITATIONS ON CERTAIN PROPERTY:**

        B.    item 8. is deleted and replaced by:

8.    $1000 for any property on the **residence premises** used or intended for use in a **business.**

6

    $250 for any property away from the **residence premises** used or intended for use in a **business.**

    This does not include any **computer** and the **peripheral device, media** or **purchased software** used with it. This also does not include merchandise held as samples or for sale or delivery after a sale.

    E.  the following items are added:

a.  $5000 for memorabilia, souvenirs, and collectors items such as trading cards, comic books, autographed merchandise and similar articles for which the age, history, scarcity and condition contribute substantially to their value.

    This endorsement also states:

**COVERAGE 3 – REPLACEMENT COST ON CONTENTS**

**We** will pay the full cost of repair or replacement, less the applicable deductible, without deduction for depreciation for carpeting, household appliances and personal property covered under Coverage C. Replacement Cost on Contents will also apply to the articles or classes property separately described and specifically insured in this policy.

    1.  This coverage does not apply to:

a.  antiques, fine arts, paintings, statuary and similar articles which, by their inherent nature, cannot be replaced with new articles.

b.  articles for the age, history, scarcity or condition contribute substantially to their value. This includes, but is not limited to, memorabilia, souvenirs, and collectors items such as trading cards, comic books, and autographed merchandise.

10.  Gray has requested policy personal property coverage limits in the amount of $282,520.00 for the contents damaged in the loss that occurred on February 10, 2004, at the law offices of Gray, Langford, Sapp, McGowan, Gray & Nathanson, located at 108 Eastside Street and 118 Eastside Street, Tuskegee, Alabama, 36083.

11. There is a question as to whether the personal property claimed by Gray is subject to certain limitations or is otherwise excluded from coverage as set forth in the homeowners policy.

12. Metropolitan Property and Casualty Insurance Company has tendered to Fred D. Gray all amounts properly owing for personal property covered under the policy in connection with this claim of loss.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Metropolitan Property and Casualty Insurance Company requests:

A. That this Court take jurisdiction of this cause;

B. That this Court order, adjudge and decree that this is a proper cause for an action of declaratory judgment and that there is a bona fide controversy between the parties as to their legal rights, duties, status and liability;

C. That the process of this Court be issued to the Defendant as provided by law and the rules of this Court and that the Defendant be required to plead or answer this Complaint for declaratory judgment within the time required by law;

D. That upon a final hearing of this cause, this Court will declare the rights, duties, status and legal relations of Metropolitan Property and Casualty Insurance Company and Defendant Fred D. Gray pursuant to the Valuable Insurance Protection Plus Homeowners Policy, Policy Number 4232617270 at issue in this action.

E. That upon a final hearing of this cause, this Honorable Court will order, adjudge, declare and decree that certain property is subject to limitations set forth in the policy or is excluded from coverage. Metropolitan Property and Casualty Insurance Company also

seeks such other and further relief as may be possible or appropriate under the circumstances.

                                                        s/ Daniel S. Wolter  
                                                        Ralph D. Gaines, III (GAI006)  
                                                        Daniel S. Wolter (WOL012)  
                                                         Attorney for Metropolitan Property  
                                                         And Casualty Insurance Company

**OF COUNSEL:**

**GAINES, WOLTER & KINNEY, P.C.**
3500 Blue Lake Drive
Suite 425
Birmingham, AL 35243
(205) 980-5888 Phone
(205) 980-1098 Fax

**PLEASE SERVE THE FOLLOWING DEFENDANT VIA CERTIFIED MAIL:**

Fred D. Gray
1005 E. Lakeshore Dr.
Tuskegee, AL 36083