IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTICT COURT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| METROPOLITAN PROPERTY AND )<br>CASUALTY INSURANCE COMPANY, )<br>)<br>)<br>Plaintiff, )<br>)<br>V. )<br>)<br>FRED D. GRAY, )<br>)<br>Defendant. ) | CASE NO.: 3:06-cv-244-MHT |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS
COMPLAINT, FIRST AMENDED COMPLAINT, AND SECOND AMENDED
COMPLAINT OR IN THE ALTERNATIVE MOTION TO STAY**

Comes now Fred D. Gray, by and through his undersigned counsel and files this memorandum of law in support of his motion to dismiss the complaint, first amended complaint and second amended complaint or in the alternative, motion to stay this proceeding until the state case styled, *Fred D. Gray v. Metropolitan And Casualty Insurance Company, Charlie Hardy*, CV-2006-68, Macon County Circuit Court, is concluded. Defendant asks the court to consider the following memorandum of law and exhibits.

I.   **BRIEF FACTUAL BACKGROUND**

1.   Plaintiff Metropolitan Property And Casualty Insurance Company (hereinafter "Metropolitan") is a Rhode Island corporation doing business by agent in Macon County, Alabama. Metropolitan brought this diversity action under the Federal Declaratory Judgment Act, 28 U. S. C. §2201, *et seq.*, seeking a declaration

of the rights and the status of the parties under the terms and conditions of a homeowners policy issued on or about December 7, 2003 to Fred D. Gray (hereinafter "Gray").

2. Defendant Fred Gray is an adult citizen and resident of Macon County, Alabama.

3. Charlie E. Hardy (hereinafter "Hardy") is employed by Metropolitan. Hardy is an adult resident and citizen of Macon County, Alabama.

4. On February 10, 2004, a fire destroyed the law office of Gray, Langford, Sapp, McGowan, Gray & Nathanson, in Tuskegee, Alabama.

5. On or about February 17, 2004, Gray filed a claim under the Value Insurance Protection Plan homeowner's policy issued by Metropolitan on the loss that occurred to Gray's personal property, which was covered by the policy.

6. On December 28, 2005, Metropolitan took an examination under oath of Fred D. Gray.

7. On March 23, 2006, Defendant filed a state tort action in the Circuit Court of Macon County, Alabama against Metropolitan and Hardy, alleging breach of the insurance contract, bad faith, fraud, and negligence/wantonness.

## II. STATE CASE PROCEDURAL HISTORY

1. March 23, 2006, a lawsuit was filed in the Circuit Court of Macon County, Alabama styled *Fred D. Gray v. Metropolitan Property And Casualty Insurance Company*; *Charlie E. Hardy*, CV-06-68 alleging breach of contract, bad faith,

negligence/wantonness and fraud. (Exhibit A)  Filed simultaneously with the complaint was a request for production of documents. (Exhibit B)

2. March 24, 2006, Metropolitan and Hardy were served, by certified mail, with the complaint and with discovery request. (Exhibit C)

3. April 20, 2006, Metropolitan filed a motion to dismiss or in the alternative motion to stay. (Exhibit D)

4. April 28, 2006, Gray filed a motion for default judgment against Hardy. (Exhibit E)

5. May 4, 2006, a notice of appearance for Hardy and a motion adopting Metropolitan's motion to dismiss was sent by fax to counsel for Gray.

### III.  FEDERAL CASE PROCEDURAL HISTORY

1. March 16, 2006, plaintiff filed complaint for declaratory judgment.

2. March 29, 2006, a summons was filed for Fred D. Gray.

3. April 4, 2006, Metropolitan filed its first amended complaint for declaratory judgment.

4. April 6, 2006, the court issued an order informing Metropolitan that it had not alleged sufficient facts to invoke the court's jurisdiction and gave Metropolitan until April 17, 2006 to file an amended complaint.

5. April 12, 2006, Metropolitan filed a second amended complaint for declaratory judgment.

6. April 17, 2006, Gray was served with the complaint, and the first and second amended complaints.

**IV.    THE COURT SHOULD EXERCISE ITS DISCRETION UNDER THE DECLARATORY JUDGMENT ACT TO DISMISS THIS ACTION.**

Under *Wilton v. Seven Falls Co.,* 515 U.S. 277, 286 (1995), and *Brillhart v. Excess Ins. Co, of America,* 316 U.S. 491, 494 (1942), the district court is empowered with broad discretion in determining whether to dismiss this declaratory judgment action in favor of the parallel state court action. The issues presented in the instant case are better settled by an Alabama state court because adjudication in federal court will subvert the goals of diversity jurisdiction and promote forum shopping. In addition, parallel proceedings will risk unnecessary commitment of scarce judicial resources, multiplicative legal expenditures, and inconsistent adjudications.

28 U.S.C. § 2201(a) provides, in pertinent part, as follows:

> In a case of actual controversy within its jurisdiction,... any court of the United States, upon filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration...

In *Brillhart v. Excess Ins. Co. of America,* 316 U.S. 491, 494 (1942), the United States Supreme Court reinstated the decision of the district court dismissing a declaratory judgment action brought pursuant to 28 U.S.C. § 2201, holding that, "[a]lthough the district had jurisdiction of the suit under the Federal Declaratory Judgment Act, ... it was under no compulsion to exercise that jurisdiction." Id. Noting the existence of a separate action in state court "in which all of the matters in controversy could be fully adjudicated," the court further observed that "[o]rdinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." 316 U.S. at 495.

In *Wilton v. Seven Falls Co.,* 515 U.S. 277, 286 (1995), the United States Supreme Court had occasion to revisit the *Brillhart* decision, and reiterated that "[s]ince its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." Id. The court noted that the district courts have "substantial latitude in deciding whether to stay or to dismiss a declaratory judgment suit in light of pending state proceedings" and that "[i]n the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." 515 U.S. at 286-88.

Following the guidance of *Brillhart* and *Wilton*, the various federal district courts of Alabama have routinely invoked their discretion under the Declaratory Judgment Act to dismiss declaratory actions under circumstances where a state proceeding involves the same or some of the same parties and raises similar or parallel legal or factual issues. See, e.g., *Mutual Life Ins. Co. of New York v. Adams,* 972 F. Supp. 1386 (N.D. Ala. 1997) (declining to exercise jurisdiction over declaratory action where, inter alia, several pending state court proceedings brought by individual policyholders raised similar issues); *MacMillan-Bloedel Inc. v. Fireman's Ins. Co. of Newark J.J.*, 558 F. Supp. 596 (S.D. Ala. 1983) (dismissing declaratory action brought by injured party against liability carrier of alleged tortfeasor where underlying state action was still pending and where Alabama direct action statute afforded injured party separate remedy against liability carrier under state law if injured party prevailed in pending state court action); *American General Finance Center v. Baldwin,* 907 F. Supp. 361 (M.D. Ala. 1995)(dismissing declaratory action under *Brillhart* standard where pending state court action could fully resolve issues between the parties); *Universal Underwriters Service Corp. v. Melson,* 953 F. Supp 385 (M.D. Ala. 1996) (same); *United States Fidelity and Guaranty Company v. Algemon-Blair Inc.,* 705 F. Supp.1507 (M.D. Ala. 1988) (same).

**A.     The state court proceeding involves the same or some of the same parties and raises similar or parallel legal or factual issues.**

The Eleventh Circuit has held that, of the many factors that may legitimately enter into a district court's decision whether to hear a prayer from declaratory relief the existence of an ongoing state proceeding involving the same issues as the declaratory judgment action is potent. *Universal Underwriters Service Corp. v. Melson,* 953 F. Supp 385 (M.D. Ala. 1996).

In *Universal Underwriters Service Corp.,* Plaintiff filed a declaratory judgment action against Defendant requesting the court to determine whether employees of an automobile dealership were agents of the corporation. The plaintiff's basis for filing suit in federal court was diversity of citizenship. The defendant, consumer, filed a complaint in state court alleging fraud, negligence and wantonness concerning the purchase of a vehicle. The consumer sued three additional defendants in the state court action. The court, in dismissing plaintiff's complaint, concluded: "It appears the state court can more *efficiently* and *fully* resolve the issues between [the parties]."

This declaratory judgment action, in the case at bar, involves the exact same parties and the exact same issues as those which are pending in the state court proceeding. The Plaintiff, in their motion to dismiss, (p. 5-6), filed in state court, conceded this fact and stated:

> The state court action arises out of the same aggregate core of facts and circumstances as the federal declaratory judgment action. Namely, Gray in his state court action seeks insurance proceeds pursuant to the Metropolitan homeowner's insurance policy at issue in the federal declaratory judgment action. Further more, Gray goes to great lengths in laying out the facts of the claim procedure that he undertook pursuant to the Metropolitan homeowner's policy. Last, but certainly not least, all of Gray's claims are based on the Metropolitan homeowner's policy at issue in the federal declaratory judgment action.

It is crystal clear that the same facts serve as the basis to not only the Federal Declaratory Judgment action but also Gray's state court action. Namely the issuance of the Metropolitan homeowner's policy, the fire on February 10, 2004 and Gray's subsequent claims that he made under the Metropolitan homeowner's policy.

Defendant has claims pending against Metropolitan, as well as its agent, Hardy. In resolving the claims against Metropolitan and its agent, the state court must interpret the insurance policy that is the subject of this action. In resolving the claims against Metropolitan and its agent, Metropolitan's duties and obligations to Defendant will be established by the specific facts and law supporting and/or contradicting the claims alleged in the state court proceeding.

In *Amerits Variable Life Insurance Company v. Roach*, 411 F. 3d 1328 (11th Cir. 2005) the Eleventh Circuit upheld a dismissal of a life insurers claim for declaratory judgment seeking declaration of rights under the insurance policy. The trial court dismissed the action because of a parallel state court action. The trial court looked at many different factors to determine whether to abstain from declaratory judgment action in favor of parallel litigation in state court. Although all factors are important, the court mentioned a factor that is particularly important in this case. The court must determine: whether the declaratory remedy is being used merely for the purpose of "procedural fencing"- that is, to provide an arena for a race for *res judicata* or to achieve a federal hearing in a case otherwise not removable. This factor is important because Gray attempted to resolve this dispute for over two years. Metropolitan requested Gray give a statement under oath. During Gray's statement under oath, he testified that the company acted in bad faith in handling this claim. (Exhibit F)  At the conclusion of Gray's statement under oath, on December 28, 2005, Gray was informed that he would receive a

7

response in the next couple of weeks. (Exhibit F)  Metropolitan's response came on March 16, 2006 when it filed suit against Gray in federal court for declaratory judgment. Metropolitan simply was trying to provide an arena for a race for *res judicata* or to achieve a federal hearing in a case otherwise not removable.  Metropolitan was aware that Gray's case against Metropolitan and Hardy would not be removable.  It is further evident that Metropolitan sought merely to file their suit first by their failure to attempt service on Gray until after Gray's state lawsuit was filed.

The court, in *Ameritas*, also expressed concern about its ability to appropriately exercise supplemental jurisdiction over the non-diverse third party litigants if Defendant sought to join them.  The same issue exists in the case at bar, because Gray's state claim includes Hardy, a non-diverse party.  If Gray files a counterclaim, Hardy would be added as a non-diverse party.  The court, in *Ameritas*, abstained from the declaratory judgment in favor of the parallel state action.

The court, in *Universal Underwriters*, addressed another issue that potentially exists in this case. Metropolitan filed a motion to dismiss alleging that Gray must file his complaint as a compulsory counterclaim in the declaratory judgment action. However, if Gray were to assert his claim as an compulsory counterclaim, Gray may be in violation of §6-5-440, Code of Alabama (1975), which states: "No plaintiff is entitled to prosecute two actions in the courts of this state at the same time for the same cause and against the same party."

As a consequence, the court would have to engage in piece meal or multiple litigation and in a waste of judicial resources.  Such will be the case if this court allows Metropolitan's complaint to continue. In the instant case, as in the several cases cited

8

above, there can be no doubt that the court's interpretation of the provisions of the homeowner's insurance policy issued to Mr. Gray by Metropolitan will necessarily require this court to analyze some of the same facts and law to be decided by the state court in the underlying tort action. This includes, but is not limited to, the issue Metropolitan seeks to have resolved: the rights, duties, status and legal relations of Metropolitan and Gray under the terms of the insurance policy at issue in this case. Thus, this court should exercise its discretion and dismiss plaintiff's complaint.

### V.    IN THE ALTERNATIVE, THE COURT SHOULD STAY THIS ACTION UNTIL THE STATE ACTION IS RESOLVED

A district court in deciding whether to stay federal proceedings should consider: 1) that the court first assuming jurisdiction …may exercise that jurisdiction to the exclusion of other courts, 2) the convenience of the federal forum may counsel in favor of granting the stay, 3) the desirability of avoiding piecemeal litigation may favor a stay, 4) the order in which jurisdiction was obtained by the concurrent forums in terms of the progress of the two suits should be considered and 5) the forum whose law provides the rule of decision on the merits should be considered. *American Manufacturer Mutual Insurance Corp. v. Store*, 743 F. 2d 1519 (11th 1984).

An analysis of the five factors reveals that court first assuming jurisdiction may exercise that jurisdiction to the exclusion of other courts.  As previously discussed, the federal court has discretion to determine whether it chooses to exercise jurisdiction of this case based upon the declaratory judgment action.  It is clear that the state court assumed jurisdiction of this matter on March 23, 2006.  In addition to the complaint and discovery request that has been filed, the state court has pending before it a motion to dismiss and a

9

motion for default judgment. This court has not made a determination whether it will exercise jurisdiction over this matter. A stay of plaintiff's complaint will prevent piecemeal litigation in state and federal court.

In the state court case, the following documents have been filed: 1) complaint 2) discovery request to defendants 3) motion to dismiss 4) motion for default judgment, 5) notice of appearance and 6) motion adopting previously filed motion to dismiss. In this suit, federal court plaintiffs filed complaint, first amended complaint, second amended complaint and the current motion to dismiss or in the alternative, motion to stay.

## CONCLUSION

For all of the foregoing reasons, Defendant respectfully submits that this court should decline to hear Metropolitan's declaratory action. There would also be great judicial inefficiency involved in piecemeal litigation that would be required by two separate, concurrent actions involving the same parties and subject matter.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that the court will dismiss this action or in the alternative, stay these proceedings until the state case has concluded.

Respectfully submitted,

/s/ Stanley F. Gray
Stanley F. Gray (GRA053)
Gray, Langford, Sapp, McGowan,
  Gray & Nathanson
Post Office Box 830239
Tuskegee, Alabama  36083-0239
(334) 727-4830
sgray@glsmgn.com

**CERTIFICATE OF SERVICE**

I, hereby certify that I have served a true and correct copy of the foregoing instrument upon the following, via electronic mail, this the 8th day of May 2006:

Ralph D. Gaines, III, Esq.
Daniel S. Wolter, Esq.
Gaines, Wolter & Kinney, P. C.
3500 Blue Lake Drive
Suite 425
Birmingham, Alabama   35243
dsw@gwandlk.com
rdg2gwandlk.com

    /s/ Stanley F. Gray_____
**OF COUNSEL**