IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

| | |
|---|---|
| FRED D. GRAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 06-68 |
| ) | |
| METROPOLITAN PROPERTY AND ) | |
| CASUALTY INSURANCE COMPANY, ) | |
| CHARLIE E. HARDY, ) | |
| ) | |
| Defendants. ) | |

**MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION TO STAY**

COMES NOW the Defendant Metropolitan Property and Casualty Insurance Company (hereinafter "Metropolitan") and hereby moves this Honorable Court to dismiss this lawsuit or in the alternative to stay this lawsuit until the underlying declaratory judgment action pending in the United States District Court for the Middle District of Alabama, Eastern Division, civil action number 06-244, is resolved. As grounds in support of this motion, Metropolitan states as follows:

**I.   FACTS**

1. On or about December 7, 2003, Metropolitan issued a homeowner's insurance policy, policy number 4232617270, to the Plaintiff, Fred D. Gray (hereinafter "Gray").

2. The Metropolitan policy provided certain coverage during the policy period December 7, 2003 through December 7, 2004.

3. On February 10, 2004 a fire occurred at the law office of Gray, Langford, Sapp, McGowan, Gray and Nathanson.

**EXHIBIT D**

4. On or about February 17, 2004 Gray filed a claim under the Metropolitan homeowner's policy based upon the loss that occurred during the fire on February 10, 2004 at the law office of Gray, Lankford, Sapp, McGowin, Gray & Nathanson.

5. On March 16, 2006, Metropolitan filed a declaratory judgment action against Gray in federal court.

6. The Declaratory Judgment action filed in federal court sought the determination of Metropolitan's rights and obligations with regards to the Metropolitan homeowner's policy issued to Gray.

7. On or about March 23, 2006, after Metropolitan filed its declaratory judgment action in the United States District Court for the Middle District of Alabama, Eastern Division, Gray instituted this state court action in the Circuit Court of Macon County, Alabama alleging claims of breach of contract, bad faith, negligence/wantonness and fraud. All of Gray's claims stem from the fire that occurred on February 10, 2004 and his claim for insurance coverage under the Metropolitan policy.

**II.   ARGUMENT**

**A.   Gray's state court action is due to be dismissed because the claims asserted by Gray in his state court action are compulsory counterclaims that must be asserted in the declaratory judgment action pending in the United States District Court of the Middle District of Alabama, Eastern Division.**

The Supreme Court of Alabama has previously addressed the identical issue before this Court wherein an insurance company files a declaratory judgment action in federal court only to have the insured file a subsequent state court action. *See* Ex parte Cincinnati Ins. Co., 806 So. 2d 376 (Ala. 2001); *Ex parte* Canal Ins. Co., 543 So. 2d 582 (Ala. 1988). In Canal the insurer issued an automobile policy covering a vehicle damaged in an accident. Canal, 543 So. 2d at 583. The insurer demanded the amount of

2

the loss be established pursuant to the appraisal provision contained in the insurance policy. 534 So. 2d at 583. The insured refused the insurer's request and the insurer subsequently filed a declaratory judgment action in federal court. 534 S0. 2d at 583. Eighteen (18) days later, the insured filed a state court action in the Circuit Court of Pickens County, Alabama setting forth claims based on breach of contract, bad faith, outrage and fraud. 534 So. 2d at 583. The insurer filed a motion to dismiss or the in the alternative, motion to stay proceedings in the state court action "asserting that the prior action pending in the federal court barred the state claim, and that the matters asserted in the state court complaint were properly matters of compulsory counterclaims of the federal action." 534 So. 2d at 583; citing Fed. R. Civ. P. 13 (a). The Supreme Court of Alabama held that the insured's state court action was a compulsory counterclaim to the federal declaratory judgment action and thus issued the writ of mandamus dismissing the insured's state court action. 534 So. 2d at 584-85.

The Court noted that Rule 13(a), *Ala. R. Civ. P.* and Rule 13 (a) *Fed. R. Civ. P.* each require a party to file as a counterclaim "'any claim... the pleader has against any opposing party' that arises out of the same transaction or occurrence involved in the opposing party's claim" 534 So. 2d at 584. The Court noted that Alabama adopted the logical relationship test which denominates a counterclaim as compulsory if "'(1) its trial in the original action would avoid a substantial duplication of effort or (2) the original claim and the counterclaim arose out of the same aggregate core of facts. The claims arise from the same core of operative facts if (1) the facts taken as a whole serve as the basis for both claims or (2) the sum total of facts upon which the original claim rests creates legal rights in a party which otherwise would remain dormant.'" 534 So. 2d at

3

584; quoting Brooks v. Peoples Nat. Bank of Huntsville, 414 So. 2d 917, 919 (Ala. 1982); citing Revere, Cooper & Brass, Inc. v. Aetna Cas. & Sur. Co., 426 F.2d 709 (5th Cir. 1970). The Court held the insured's state court action was a compulsory counterclaim under *Fed. R. Civ. P.* 13(a) as it arose out of the same aggregate core of facts.

In another similar case the Supreme Court of Alabama has held that dismissal of a state court claim in favor of compulsory counterclaims to a federal declaratory judgment action was proper. *Ex parte* Cincinnati Ins. Co., 806 So. 2d 376 (Ala. 2001). In Cincinnati the insurer filed a declaratory judgment action in the United States District Court for the Southern District of Alabama against its insureds, a husband and wife who were engaged in divorce proceedings. 806 So. 2d at 378. Approximately seven months after the federal declaratory judgment action was instituted, the husband filed a state court action against his soon to be ex-wife alleging civil theft and trespass. 806 So. 2d at 378. The insurer became a plaintiff in the state court action to the extent of its subrogation interest. Approximately eighteen months later, the wife filed a counterclaim against the insurer in the state court action alleging breach of contract, bad faith, outrage, negligence and wantonness. 806 So. 2d at 378. The crux of the counterclaim was that the insurer had breached its contract by failing to properly investigate the husband's business and home theft claims. 806 So. 2d at 378. The insurer filed a motion to dismiss the counterclaim to the extent it was based on the same homeowner's insurance policy that was at issue in the federal declaratory judgment action. 806 So. 2d at 378.

In determining that the wife's state court counterclaim was barred as it should have been brought as a compulsory counterclaim in the federal declaratory judgment

action, the Court noted that under the "logical relationship test" discussed previously in the Canal case, the counterclaim must be a compulsory counterclaim as it arose out of the aggregate core of facts surrounding the federal declaratory action. 806 So. 2d at 380. Furthermore, the Court noted that the United States Court of Appeals for the 11th Circuit has also adopted the "logical relationship test." 806 So. 2d at 380; citing Republic Health Corp. v. Lifemark Hosps. of Florida, Inc., 755 F.2d 1453, 1455 (11th Cir. 1985). "There is a logical relationship when 'the operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights otherwise dormant in the defendant.'" Cincinnati, 806 So. 2d at 380; Republic 755 F.2d at 1455; quoting Plant v. Blazer Fin. Servs., Inc., 598 F. 2d 1357, 1367 (5th Cir. 1979). Further, whether a counterclaim is compulsory is a matter of law. Cincinnati, 806 So. 2d at 380; Republic, 755 F.2d at 1454; see also Owens v. Blue Tee Corp., 177 F.R.D. 673, 680 (M.D. Ala. 1998.)

It is clear from the face of Gray's complaint that this matter is a compulsory counterclaim that should have been brought in the federal declaratory judgment action. The state court action arises out of the same aggregate core of facts and circumstances as the federal declaratory judgment action. Namely, Gray in his state court action seeks insurance proceeds pursuant to the Metropolitan homeowner's insurance policy at issue in the federal declaratory judgment action. Furthermore, Gray goes to great lengths in laying out the facts of the claim procedure that he undertook pursuant to the Metropolitan homeowner's policy. Last, but certainly not least, all of Gray's claims are based on the Metropolitan homeowner's policy at issue in the federal declaratory judgment action.

It is crystal clear that the same facts serve as the basis to not only the Federal Declaratory Judgment action but also Gray's state court action. Namely the issuance of the Metropolitan homeowner's policy, the fire on February 10, 2004 and Gray's subsequent claims that he made under the Metropolitan homeowner's policy. As such, Metropolitan respectfully requests this Honorable Court dismiss Gray's state court action as the claims asserted by Gray are compulsory counterclaims that must be brought in the federal declaratory judgment action.

**B.   In the alternative, Metropolitan requests this Honorable Court stay the state court action until a determination of Metropolitan's rights and obligations in the federal declaratory judgment action are rendered.**

In the alternative, to the extent this Honorable Court does not dismiss Gray's state court action, Metropolitan prays that this Honorable Court stay the state court action until such time as a declaration of Metropolitan's rights and obligations under the Metropolitan homeowner's policy is determined in the federal declaratory judgment action. The sole purpose of the declaratory judgment action is to determine Metropolitan's rights and obligations under the homeowner's policy at issue. A determination of Metropolitan's rights and obligations will most likely resolve all of the claims Gray has asserted in his state court action. As such, Metropolitan respectfully requests this honorable Court stay the state court action until such time as the federal declaratory judgment action is resolved.

Ralph D. Gaines, III (GAI006)
Daniel S. Wolter (WOL012)
Attorney for Metropolitan Property
And Casualty Insurance Company

OF COUNSEL:

**GAINES, WOLTER & KINNEY, P.C.**
3500 Blue Lake Drive
Suite 425
Birmingham, AL 35243
(205) 980-5888 Phone
(205) 980-1098 Fax

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon counsel for all parties by placing a copy of same in the United States Mail, properly addressed and postage prepaid, this the ___18___ day of ___April___, 2006, to:

Stanley F. Gray
Gray, Langford, Sapp, McGowen,
Gray & Nathason
P.O. Box 830239
Tuskegee, Alabama 36083-0239

_____
OF COUNSEL