IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No.: 06-244-MHT |
| FRED D. GRAY, | )<br>)<br>) |
| Defendant. | ) |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS COMPLAINT, FIRST AMENDED COMPLAINT, OR IN THE ALTERNATIVE MOTION TO STAY**

COMES NOW the Plaintiff, Metropolitan Property and Casualty Insurance Company (hereinafter "Metropolitan") and responds to Defendant, Fred D. Gray's (hereinafter "Gray") Motion to Dismiss Complaint, First Amended Complaint and Second Amended Complaint, or in the Alternative to Stay.

**I.   BACKGROUND**

1.    Metropolitan issued a Valuable Insurance Protection Plus Homeowner's Policy to Gray, bearing policy number 4232617270 (hereinafter "Homeowner's Policy"). The Homeowner's Policy provided coverage for Gray's residence located at 1005 E. Lakeshore Drive, Tuskegee, Alabama 36083, with a policy period of December 7, 2003 through December 7, 2004.

2.    On or about February 10, 2004, a fire occurred at the law offices of Gray, Lankford, Sapp, McGowin, Gray & Nathanson, located at 108 Eastside Street and 118 Eastside Street, Tuskegee, Alabama 36093.

3. On or about February 17, 2004 Gray filed a claim under the Homeowner's Policy for losses incurred as a result of the fire at the law office of Gray, Lankford, Sapp, McGowin, Gray & Nathanson that occurred on February 10, 2004.

4. After investigating Gray's claim under the Homeowner's Policy for the loss that occurred at Gray's business, Metropolitan forwarded to Gray a check in the amount of $21,824.55, which represents the undisputed amount owed to include payment up to special limitations on certain personal and business property. Metropolitan then filed this declaratory judgment action on March 16, 2006, asking this Court to determine Metropolitan's rights and obligation under the Homeowner's Policy in light of Gray's demand of policy limits, $282,520. The demand is based on contents that was destroyed, damaged or lost as a result of the fire that occurred at Gray's law office.

## II. PROCEDURAL BACKGROUND

5. On March 16, 2006, Metropolitan filed this declaratory judgment action to determine its rights and obligations pursuant to the Homeowner's Policy.

6. Gray countered this action by filing a lawsuit in the Circuit Court of Macon County, Alabama on March 23, 2006, against Metropolitan and Charlie Hardy (hereinafter "Hardy"), the insurance agent that sold the Homeowner's Policy, styled <u>Fred D. Gray v. Metropolitan Property and Casualty Insurance Company, Charlie E. Hardy</u>, CV 06-68. (hereinafter "state court action".) Gray alleges breach of contract, bad faith, negligence/wantonness and fraud against the defendants.

7. Metropolitan filed two amended complaints for declaratory judgment on April 4, 2006 and April 12, 2006, respectively. The amended complaints do not add any

substantive claims, but rather corrected a scrivener's error and clarified Metropolitan's citizenship.

8. Metropolitan filed a Motion to Dismiss or in the Alternative Motion to Stay the state court action on or about April 20, 2006.

9. On April 28, 2006, Gray filed a default judgment against Hardy in the state court action.

10. Hardy joined in Metropolitan's motion on May 4, 2006.

11. On May 8, 2006, Gray filed his motion to dismiss or in the alternative motion to stay the federal court proceeding.

## III. ARGUMENT

### A. Metropolitan's Declaratory Judgment Action is Properly Before This Court and is not due to be Dismissed.

Gray argues this Court should exercise its discretion and dismiss Metropolitan's declaratory judgment action in favor of Gray's state court action. Gray relies on Wilton v. Seven Falls Co., 515 U.S. 277 (1995) and Brillhart v. Excess Ins. Co. of America, 316 U.S. 491 (1942) in support of his argument that a district court may exercise discretion in determining whether to dismiss a declaratory judgment action in favor of a parallel state court action. Metropolitan acknowledges the standard announced in Brillhart, and later clarified in Wilton, that vests a district court with discretion in deciding whether to hear a declaratory judgment action. However, the discretionary standard does not mandate that this Court dismiss this lawsuit in favor of the subsequently filed state court action.

Gray asserts that the issues in this case are better to be settled by an Alabama state court "because adjudication in federal court will subvert the goals of diversity jurisdiction and promote forum shopping." (Gray's Memorandum of Law at p. 4.) Metropolitan's

3

Declaratory Judgment Action does not subvert the goals of diversity jurisdiction or promote forum shopping. Metropolitan properly invoked this Court's jurisdiction to hear this matter via 28 U.S.C. § 1332 and 28 U.S.C. § 2201, jurisdiction which Congress specifically conferred on the district courts. Metropolitan recognizes that 28 U.S.C. § 2201 provides this Court with jurisdiction, but does not compel this Court to exercise its jurisdiction. However, in this case, the Court should not exercise its discretion by dismissing this lawsuit in favor of the state court action because to do so would allow Gray to successfully engage in the very conduct of which he accuses Metropolitan. Namely, Gray filed his state court action and named Hardy, an Alabama citizen, as a party Defendant. Gray's sole goal in doing so is to destroy diversity of citizenship for removal purposes. In other words, if Gray were to simply file the state court complaint against Metropolitan, a citizen of Rhode Island, Metropolitan clearly would be able to remove the case to this Court based on diversity of citizenship pursuant to 28 U.S.C. § 1332. It is undisputed the amount in controversy exceeds $75,000 in light of the fact that Gray has submitted a claim for the policy limits of $282,520.

Furthermore, Hardy recently filed a supplemental motion to dismiss all claims asserted against him in the state court action, as it is clear from the face of the Complaint that Gray cannot maintain any claims against Hardy. (See Supplemental Motion to Dismiss attached hereto as Exhibit "A".) This Court will be engaging in piecemeal litigation if it exercises its discretion and dismisses this lawsuit. As previously mentioned, Hardy has filed a supplemental motion to dismiss all state court claims against him, which if granted, would make the state court action removable to federal court based on diversity.

4

The Eleventh Circuit recently decided <u>Ameritas Variable Life Ins. Co. v. Roach</u> 411 F. 3d 1328 (11th Cir. 2005), wherein the Eleventh Circuit set forth nine (9) factors to be considered in balancing the state and federal interests in determining whether a district court ought to exercise its discretion and dismiss a declaratory judgment action pending in federal court in favor of a parallel state court action.

> (1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts;
> (2) whether the judgment in the federal declaratory action would settle the controversy;
> (3) whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue;
> (4) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" that is, to provide an arena for a race for *res judicata* or to achieve a federal hearing in a case otherwise not removable;
> (5) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction;
> (6) whether there is an alternative remedy that is better or more effective;
> (7) whether the underlying factual issues are important to an informed resolution of the case;
> (8) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and
> (9) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

<u>Ameritas</u>, 411 F.3d at 1331.

The Eleventh Circuit noted that the list was neither absolute nor any one factor controlling. <u>Ameritas</u>, 411 F.3d at 1331.

The state has no greater interest in having the issues raised in the federal action decided in the state court. Congress enacted 28 U.S.C. § 1332 to provide a forum for diverse parties to settle their differences. Furthermore, Congress enacted 28 U.S.C. § 2201, the Federal Declaratory Judgment Act, to provide a vehicle whereby federal courts can decide declaratory judgment actions in the district courts of the federal judiciary. As

5

such, the state has no greater interests in having this matter decided in a state court than a federal court. Metropolitan exercised its right to bring this action in federal court pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 2201.

Judgment in the federal declaratory judgment action would settle the controversy. Metropolitan filed the declaratory judgment action to determine its rights and obligations under the Homeowner's Policy. If this Court were inclined to find in favor of Metropolitan, as to what Metropolitan believes are its rights and obligations under the policy, then this controversy would be settled once and for all. If, on the other hand, this Court found in favor of Gray, then Gray still has a remedy as he can then litigate his claims that he brought in the state court action as compulsory counterclaims to this lawsuit.

The federal declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue. Simply put the legal issues to be determined are the rights and obligations of Metropolitan under the Homeowner's Policy. Furthermore, a determination of Metropolitan's rights and obligations under the Homeowner's Policy are more appropriately to be determined by this Court as there is not an alternative remedy that is better or more effective. Clearly a determination of Metropolitan's rights and obligations in Metropolitan's favor puts an end to all the litigation.

The declaratory judgment remedy is not being used merely for the purpose of "procedural fencing." This matter was properly brought in this Court pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 2201. Pursuant to *Fed. R. Civ. P.* 13(a), any claims Gray might have must be brought as compulsory counterclaims in this case.

6

Gray, on the other hand, has chosen to engage in forum shopping by filing a state court action after the federal declaratory judgment action was filed, adding Hardy as a defendant in order to destroy diversity. As previously stated, Hardy has a motion to dismiss pending as to all claims Gray has asserted against him.

The use of the declaratory judgment action would not increase friction between federal and state courts nor will it improperly encroach on state jurisdiction. The federal court is the proper court to determine the outcome of this matter as the parties are of diverse citizenship and the amount in controversy exceeds $75,000.

The underlying factual issues are important to an informed resolution to the case and the state trial court is not in a better position to evaluate those factual issues than the federal court. This case is going to turn on the interpretation of the policy language in determining Metropolitan's rights and obligations under the policy. The two cases were filed within a week of one another, with the federal case being filed first. The *Federal Rules of Civil Procedure* allow for discovery, to the extent it needs to be conducted. More importantly, little if any discovery should be required in light of the fact that the main issue is a determination of Metropolitan's rights and obligations under the policy which will require this Court to interpret the policy language.

There is not such a close nexus between legal issues to be decided and public policy which would require this case to be heard in state court. Metropolitan believes that the interpretation of the rights and obligations of the particular policy provisions that are currently before this Court will be decided for the first time at either the state or federal level. As such, a state court is in no better position to determine Metropolitan's rights and obligations.

It is also important to note that the state court action was not commenced until after Metropolitan filed the federal action. Gray's filing of the state court action was simply a knee jerk reaction in which he added a non-diverse defendant simply to try and destroy diversity. Of course Gray would like to have the case pending in his home county of Macon County, Alabama where he has practiced law for decades. This would obviously result in an unfair advantage for Gray.

To dismiss this action in favor of the state court action essentially eviscerates the Federal Declaratory Judgment Act and diversity jurisdiction. Congress specifically enacted both statutes, 28 U.S.C. § 2201 and 28 U.S.C. § 1332 to provide federal courts, which are courts of limited jurisdiction, the opportunity, ability and jurisdiction to hear cases exactly as this one. Based on <u>Brillhart</u> and <u>Wilton</u>, it appears that all a declaratory judgment defendant needs to do is file a state court action in order to defeat an insurers federal declaratory judgment action. This reasoning would seem to contravene the purpose behind the respective statutes.

Gray also relies on several cases that are not instructive in the instant action. These cases are readily distinguishable as follows: <u>MacMillan-Bloedel, Inc. v. Firemen's Ins. Co. of Newark, N.J.</u>, 558 F.Supp. 596 (S.D. Ala. 1983) (declined to entertain federal declaratory judgment action until liability in underlying tort action is determined, thereby determining whether or not coverage is triggered.) <u>American General Finance Ctr.</u>, 907 F.Supp. 361 (M.D. Ala. 1995) (dismissal of federal declaratory judgment action due to issue of state agency law which a state court should decide. It is further distinguishable from the instant action in that the dispute does not include a determination of rights and obligations under an insurance policy.) <u>Universal Underwriter's Serv. Corp. v. Melson</u>

953 F.Supp. 385 (M.D. Ala. 1996) (another case determining state agency law, not the interpretation of the rights and obligations of an insurance policy.)

In the alternative, Gray argues that this case should be stayed until the state action is resolved. However, such a stay would defeat the Federal Declaratory Judgment Act wherein Metropolitan has requested this Court determine its rights and obligations under the policy issued to Gray. That determination will be dispositive of all of Gray's claims which are not proper in the state court action as they are compulsory counterclaims pursuant to *Fed. R. Civ. P.* 13(a).

In determining whether or not a counterclaim is compulsory, the Eleventh Circuit has adopted the "logical relationship test." Republic Health Corp. v. Life Mark Hospitals of Florida, Inc., 755 F.2d 1453, 1455 (11th Cir. 1985). A logical relationship exists when "the operative facts serve as the basis of both claims or the aggregate core facts upon which the claim rests activates additional legal rights otherwise dormant in the Defendant." Republic 755 F.2d at 1455; quoting Plant v. Blazer Fin. Serv., Inc., 598 F.2d 1357, 1367 (5th Cir. 1979). Whether a counterclaim is compulsory is a matter of law. Republic, 755 F.2d at 1454; see also Owens v. Blue Tee Corp., 177 F.R.D.673, 680 (M.D. Ala. 1998). It is undisputed that Gray's claims in his state court action arise out of the same aggregate core facts – whether Gray is entitled to any insurance proceeds under the Homeowner's Policy insuring Gray for a fire that occurred at Gray's business.

While a federal court may have discretion in determining whether to entertain a declaratory judgment action, there is authority in the state of Alabama wherein a federal declaratory judgment defendant filed a state tort action which was subsequently dismissed in favor of the federal action as the state court held that the claims in the state

9

action were compulsory counterclaims to the federal action.  See Ex parte Cincinnati Ins. Co., 806 So. 2d 376 (Ala. 2001); Ex parte Canal Ins. Co., 543 So. 2d 582 (Ala. 1988.)  In both cases the Supreme Court of Alabama found that the state court actions, filed after the federal declaratory judgment actions, were compulsory counterclaims to the federal action.

It is clear that the state court action arises out of the same aggregate court facts and circumstances as the federal declaratory judgment action.  All of Gray's claims are based on the Metropolitan policy at issue and the interpretation thereof.  Clearly, Gray's claims asserted in his state court action are compulsory counterclaims to the federal action and should be asserted as such.

## IV.  CONCLUSION

For the reasons stated herein, Metropolitan respectfully requests this Honorable Court deny Gray's motion to dismiss or in the alternative to stay.


/s/Davis A. Barlow
Ralph D. Gaines, III (GAI006)
Daniel S. Wolter (WOL012)
Davis A. Barlow (BAR124)
Attorneys for Metropolitan Property
and Casualty Insurance Company


**OF COUNSEL:**

**GAINES, WOLTER & KINNEY, P.C.**
3500 Blue Lake Drive
Suite 425
Birmingham, AL 35243
(205) 980-5888 Phone
(205) 980-1098 Fax

10

**CERTIFICATE OF SERVICE**

      I hereby certify that on <u>May 31, 2006</u>, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Stanley F. Gray
Gray, Langford, Sapp, McGowen,
Gray & Nathanson
P.O. Box 830239
Tuskegee, Alabama 36083-0239

                                                      /s/ Davis A. Barlow
                                                      OF COUNSEL