**EXHIBIT A**

## IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

FRED D. GRAY,                                )
                                             )
      Plaintiff,                        )
                                             )
v.                                           )    Case No.: 06-68
                                             )
METROPOLITAN PROPERTY AND                    )
CASUALTY INSURANCE COMPANY,                  )
CHARLIE E. HARDY,                            )
                                             )
      Defendants.                       )

---

### DEFENDANTS' SUPPLEMENTAL MOTION TO DISMISS

---

COME NOW the Defendants Metropolitan Property and Casualty Insurance Company (hereinafter "Metropolitan") and Charlie E. Hardy (hereinafter "Hardy") and supplement their previously filed Motion to Dismiss or in the Alternative Motion to Stay this lawsuit. As grounds in support of this motion, Defendants state as follows:

I.    **All the claims against Hardy are due to be dismissed as the Complaint either fails to state a cause of action against Hardy or the allegations against Hardy are barred by the statute of limitations.**

    A.    **Breach of Contract**

Plaintiff Fred Gray's (hereinafter "Gray") breach of contract claim against Hardy is due to be dismissed, to the extent Gray has alleged a breach of contract claim against Hardy. Hardy is an insurance agent engaged in the solicitation and sales of insurance policies. It is undisputed from the face of the Complaint that Hardy sold the Plaintiff the Metropolitan homeowner's policy at issue in this lawsuit. It is further evident from the face of the Complaint that Gray's breach of contract claim concerns the alleged breach of a homeowner's insurance policy. Alabama law is well settled that non-parties to an

insurance contract cannot be held liable for breach of contract. <u>Ligon Furniture Co., Inc.</u>
<u>v. O.M. Hughes Ins., Inc.</u>, 551 So. 2d 283 (Ala. 1989); <u>Pate v. Rollison Logging</u>
<u>Equipment, Inc.</u>, 628 So. 2d 337 (Ala. 1983). Hardy never entered into a contract
whereby Hardy agreed to insure Gray, nor is there any allegation that Hardy contracted to
insure Gray.

Gray loosely characterizes his breach of contract claim against the Defendants,
without specifying which Defendant he allegedly entered into a contract with or which
Defendant breached the alleged contract. However, Gray specifically alleges that
Metropolitan issued a homeowner's policy to him and that he paid his premiums to
Metropolitan. (Complaint at ¶¶ 6, 33.) There is no allegation that Hardy issued the
homeowner's policy or that any premiums were paid to Hardy. On its face, it is clear that
Gray's Complaint fails to state a breach of contract claim against Hardy, therefore, Hardy
requests this Honorable Court dismiss the claim against him.

**B.      Bad Faith**

Gray's bad faith claim against Hardy is also due to be dismissed, to the extent that
Gray has alleged a bad faith claim against Hardy. In his Complaint, Gray simply refers to
"Defendant," in the singular. (Complaint, Count II.)

A threshold requirement in a bad faith claim is "proof of the existence of an
insurance contract between the parties." <u>Applin v. American Sec.Ins. Co.</u>, 568 So. 2d
757, 758 (Ala. 1990); See also <u>National Sec. Fire & Cas. Co. v. Bowen</u>, 417 So. 2d 179,
183 (Ala. 1982) (the Plaintiff has the burden in a bad faith case in proving an insurance
contract between the parties and a breach of an insurance contract by the Defendant). It
is clear from Gray's Complaint that there was never a contract entered into between

Hardy and Gray whereby Hardy provided insurance coverage to Gray. It is also undisputed that Metropolitan issued a homeowner's policy that is the subject of this lawsuit.

As it is clear from the face of the Complaint that there was no a contract between Hardy and Gray, likewise it is also apparent that Gray cannot maintain a bad faith claim against Hardy. Due to the absence of an insurance contract between Hardy and Gray, Gray's bad faith claim against Hardy, to the extent one has been alleged, is due to be dismissed.

### C.     Negligence and Wantonness

Again, Gray refers to "Defendant" in the singular in his claims for negligence and wantonness. To the extent Gray includes Hardy in his negligence and wantonness claims, those claims are due to be dismissed as the two year statute of limitations has run on those claims. ALA. CODE § 6-2-38 (1975). It is undisputed from the face of the Complaint that the fire that triggered the loss that set the statute of limitations in motion occurred on February 10, 2004. The allegation is that the Defendant, singular, failed to properly handle, investigate and pay Plaintiff's claim. According to paragraph ten of Gray's Complaint, Hardy allegedly assured Gray on the day of the fire that "he would personally, expeditiously investigate and settle the claim for the personal property loss by Gray."

In Alabama the statute of limitation begins to run when a cause of action accrues. Desouza v. Lauderdale, 2005 WL 1532344 (Ala. Civ. App. June 30, 2005); citing Jackson v. Secor Bank, 646 So. 2d 1377, 1379 (Ala. 1994). The act that triggered the statute of limitations in the instant action was the fire and comments made by Hardy on

the day of the fire, February 10, 2004.  It is undisputed that Gray did not file this lawsuit until March 23, 2006, after the statue of limitations had run.  Therefore, Gray's negligence and wantonness claims against Hardy are due to be dismissed.

### D.     Fraud

Gray's allegation of fraud against Hardy stems from representations Hardy allegedly made prior to the fire and on the date of the fire, February 10, 2004. (Complaint at ¶¶ 5, 10).  Gray did not file suit until March 23, 2006.  (Complaint.) Clearly the fraud claim arose on or about February 10, 2004, the last day that Hardy made the alleged representations.  As such, the two year statute of limitations ran prior to Gray filing his Complaint on March 23, 2006.

**II.         Plaintiff's claims against Metropolitan are due to be dismissed for failure to state a claim upon which relief can be granted and certain claims are barred by the applicable statute of limitations.**

### A.     Breach of Contract and Bad Faith

Gray has asserted a breach of contract claim and a bad faith claim against Metropolitan.  Both of these claims are due to be dismissed as the cause of action under these claims has not yet accrued and therefore is not ripe for adjudication before this Court.

In order to maintain a breach of contract and bad faith claim, an insurance contract must exist and be breached by the insurer.  Further, in <u>Davis v. Cotton States Mutual Insurance Company</u>, the Alabama Supreme Court stated as follows:  "Since recognizing the tort of bad faith in Alabama, this Court has held that proof of mere negligence or mistake is not sufficient to support a claim of bad faith; there must be a refusal to pay, coupled with a conscious intent to injure."  <u>Davis v. Cotton States Mut.</u>

Ins. Co., 604 So. 2d 354, 359 (Ala. 1992). There is no showing based on the Complaint that Metropolitan has breached any contract with Gray, nor has there been a denial of Gray's claim and there is certainly no showing of a conscious intent to injure. Rather, Metropolitan has been investigating the claim and has filed a declaratory judgment action in Federal Court to determine Metropolitan's rights and obligations under the subject insurance policy. As such, there has yet to be a breach of a contract on Metropolitan's behalf.

**B.     Negligence and Wantonness**

As previously discussed above, the statute of limitations for negligence and wantonness claim is two years. The statute begins to run when the cause of action accrues. In this case, the action that triggered the statute of limitations was the fire on February 10, 2004 and the subsequent claim filed on February 17, 2004. (Complaint at ¶¶ 7, 11.) It is undisputed that Plaintiff did not file this lawsuit until March 23, 2006, beyond the two year statute of limitations.

Clearly, the negligence and wantonness claims against Metropolitan are due to be dismissed as both claims have been filed outside the two year statute of limitations.

**C.     Fraud**

A review of the Complaint indicates that the representations that make up the fraud claim were allegedly made by Hardy. It is undisputed that the representations Gray alleges he relied upon were made prior to the fire and on the day of the fire, February 10, 2004. As such, the two year statute of limitations began to run, at the latest, on February 10, 2004. Clearly the statute of limitations ran prior to the filing of this lawsuit on March 23, 2006. Therefore the fraud claim against Metropolitan is due to be dismissed.

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully requests this Honorable Court dismiss all claims pending against them in this matter.

Respectfully submitted,

Ralph D. Gaines, III (GAI006)
Daniel S. Wolter (WOL012)
Davis A. Barlow (BAR124)
Attorney for Metropolitan Property
And Casualty Insurance Company

**OF COUNSEL:**

**GAINES, WOLTER & KINNEY, P.C.**
3500 Blue Lake Drive
Suite 425
Birmingham, AL 35243
(205) 980-5888 Phone
(205) 980-1098 Fax

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon counsel for all parties by placing a copy of same in the United States Mail, properly addressed and postage prepaid, this the _19th_ day of _May_, 2006, to:

Stanley F. Gray
Gray, Langford, Sapp, McGowen,
Gray & Nathason
P.O. Box 830239
Tuskegee, Alabama 36083-0239

OF COUNSEL