IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT COURT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY, | ) ) ) ) ) | |
| Plaintiff, | ) ) | CASE NO.: 3:06-cv-244-MHT |
| V. | ) ) | |
| FRED D. GRAY, | ) ) | |
| Defendant. | ) | |

### DEFENDANT'S ADDITIONAL SUBMISSION IN SUPPORT OF MOTION TO DISMISS COMPLAINT, FIRST AMENDED COMPLAINT, AND SECOND AMENDED COMPLAINT OR IN THE ALTERNATIVE MOTION TO STAY

Comes now Fred D. Gray, by and through his undersigned counsel and files this additional submission in support of his motion to dismiss the complaint, first amended complaint and second amended complaint or in the alternative, motion to stay this proceeding until the state case styled, *Fred D. Gray v. Metropolitan And Casualty Insurance Company, Charlie Hardy*, CV-2006-68, Macon County Circuit Court, is concluded. Defendant asks the court to consider the following:

    1.    Defendant hereby adopts and incorporates all argument previously submitted in his motion to dismiss or in the alternative, motion to stay and supporting memorandum.

    2.    Since the filing of Defendant's motion to dismiss or in the alternative, motion to stay, the following has occurred in the state court case:

    a)    On May 19, 2006, Plaintiff and their agent, Charlie E. Hardy filed a motion for protective order requesting the state court to stay discovery until pending motions to dismiss are ruled upon in federal and state court. Plaintiff seeks to have the depositions of its employees taken in Tampa, Florida and Charlotte, North Carolina, rather than in Macon County, Alabama. (Exhibit 1)

    b)    On May 19, 2006, Metropolitan and Hardy filed a supplemental motion to dismiss. (Exhibit 2)

    c)    On May 22, 2006, Defendant Gray filed a motion to compel. (Exhibit 3)

3.    Defendant Gray reasserts, based on the fact that this court should exercise its discretion and dismiss Plaintiff's complaint against Gray.

4.    In *American General Finance Center v. Baldwin*, 907 F. Supp. 361 (M. D. Ala. 1995), the District Court listed several factors that a court should consider when a party seeks declaratory judgment when the same case is pending in state court:

    a)    whether there is a pending state court proceeding in which the matters in controversy between the parties may be fully litigated.

    b)    whether the declaratory complaint was filed in anticipation of another suit and is being used for forum shopping:

    c)    whether there are possible inequities in permitting the Plaintiff to gain precedence in time and forum, or

    d)    whether there is inconvenience to the parties or the witnesses.

5.    There is nothing that prevents the state court from fully adjudicating

the issues and controversy between Gray, Metropolitan and Hardy. The state court is in a better position to resolve the entire dispute between Gray, Metropolitan and Hardy.

6. The declaratory judgment action was filed in anticipation of Gray filing suit in state court. Gray gave a statement under oath on December 28, 2005. In his statement, Gray testified about the manner in which the claim was handled and the representations made to him by Hardy. After Gray gave his statement under oath, he was waiting for a response from Plaintiff. Gray promptly filed his claim in February 2004 and Plaintiff failed to pay Gray's claim for over two years.

7. The parties and witnesses would be greatly inconvenienced if this case continued in this forum. Gray has submitted discovery request and has scheduled depositions of Plaintiff's employees in the state case. There would be a duplication of effort, cost, and time if this case continued in federal court and state court.

8. There are inequities if the Plaintiff is allowed to proceed with this action. The Plaintiff purposely withheld from Gray their decision not to pay Gray's claim. Rather than paying Gray's claim according to the contract, Plaintiff filed this action attempting to select the forum for Gray's suit and has engaged in "procedural fencing".

9. Plaintiff alleges that this court should exercise jurisdiction of this case because this action was filed prior to the state court case. The mere fact that Gray's state claim was filed after Plaintiff's declaratory judgment action does not prevent the court from dismissing the declaratory judgment action. In *Universal Underwriters Service Corp. v. Melson*, 953 F. Supp. 385 (M.D. Ala. 1996), this court dismissed a declaratory judgment action, where a similar state court action was filed after the federal court action.

In *Universal*, Universal filed a declaratory judgment action on August 21, 1996 against Melson, in federal court. The lawsuit was filed shortly after Melton gave a deposition on July 24, 1996. On September 16, 1996, Melson filed a complaint in state court.

10.   The *Universal* case is similar to the facts in the case at bar. Gray gave a sworn statement, under oath, on December 28, 2005. Plaintiff filed the declaratory judgment action on March 16, 2006, but made no attempts to serve Gray. On March 23, 2006, Gray filed his state court action against Plaintiff and Hardy. Just as the court used its discretion to dismiss the declaratory judgment in *Universal*, it should use its discretion to dismiss Plaintiff's complaint in this case.

WHEREFORE, the above and other premises considered, Defendant requests this Court to dismiss this case or in the alternative, stay the proceedings until the state court case has been concluded.

                                        Respectfully submitted,

                                        /s/ Stanley F. Gray
                                        Stanley F. Gray (GRA053)
                                        Gray, Langford, Sapp, McGowan,
                                            Gray & Nathanson
                                        Post Office Box 830239
                                        Tuskegee, Alabama   36083-0239
                                        (334) 727-4830
                                        sgray@glsmgn.com

## CERTIFICATE OF SERVICE

I, hereby certify that I have served a true and correct copy of the foregoing instrument upon the following, via electronic mail, this the 31st day of May 2006:

Ralph D. Gaines, III, Esq.
Daniel S. Wolter, Esq.
Davis A. Barlow, Esq.
Gaines, Wolter & Kinney, P. C.
3500 Blue Lake Drive
Suite 425
Birmingham, Alabama   35243
dsw@gwandlk.com
rdg2gwandlk.com


　　　　　　　　　　　　　　　　　　　　/s/ Stanley F. Gray
　　　　　　　　　　　　　　　　　　　　**OF COUNSEL**

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

| | |
|---|---|
| FRED D. GRAY, | ) |
|     Plaintiff, | ) ) ) |
| v. | )   Case No.: 06-68 |
| METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY, CHARLIE E. HARDY, | ) ) ) ) |
|     Defendants. | ) |

## DEFENDANTS' MOTION FOR PROTECTIVE ORDER

COME NOW the Defendants Metropolitan Property and Casualty Insurance Company (hereinafter "Metropolitan") and Charlie E. Hardy (hereinafter "Hardy") and respectfully request this Honorable Court enter a Protective Order pursuant to *Alabama Rule of Civil Procedure* 26(c) staying all discovery until the pending motions to dismiss are ruled upon in this case and the companion federal case pending in the United States District Court for the Middle District of Alabama, Eastern Division, styled <u>Metropolitan Property & Casualty Insurance Company v. Fred D. Gray</u>, CV 06-244. As grounds in support of this motion, Metropolitan and Hardy state as follows:

1.    On March 16, 2006, Metropolitan filed a Declaratory Judgment action against Fred D. Gray (hereinafter "Gray") in the United States District Court for the Middle District of Alabama, Eastern Division.

2.    On or about March 23, 2006, Gray filed the instant action in the Circuit Court of Macon County, Alabama, alleging state law claims against Metropolitan and

**EXHIBIT 1**

Hardy. At the time Gray filed the state court case, Gray propounded Request for Production of Documents on Metropolitan and Hardy.

3. On April 20, 2006, Metropolitan filed a Motion to Dismiss or in the Alternative Motion to Stay the state court case.

4. On May 4, 2006, Hardy joined in Metropolitan's Motion to Dismiss or in the Alternative Motion to Stay the state court case.

5. On or about May 8, 2006, Gray filed a Motion to Dismiss or in the Alternative Motion to Stay the federal court case.

6. On or about May 12, 2006, counsel for Gray requested answers to the Request for Production of Documents and issued a deposition notice for two Metropolitan employees set for June 22, 2006, with said depositions to take place in Tuskegee, Alabama. The deposition notices seek to take the depositions of Kathleen Schrader, who works in the Tampa, Florida, office and Kevin Clingenpeel who works in the Charlotte, North Carolina, office. Neither deponent is a resident of Alabama.

7. Metropolitan and Hardy requests this Honorable Court suspend all discovery in this matter until such time as the motions to dismiss that are currently pending in this case and the federal case are resolved. Allowing discovery to proceed at this juncture in either case could result in a waste of resources as a determination has not been made as to which case, the federal or state case, will move forward and under which theories of law. Furthermore, Metropolitan and Hardy have supplemented their previously filed motion to dismiss the state court case seeking to have all claims alleged against them dismissed. To date, Gray has failed to file a counterclaim or assert any cause of action against Metropolitan in the federal case.

8.  If this Court is not inclined to stay all discovery until the motions to dismiss are resolved, Metropolitan and Hardy requests this Honorable Court enter a Protective Order designating the deposition of Kathleen Schrader take place in Tampa, Florida, and the deposition of Kevin Clingenpeel take place in Charlotte, North Carolina, their respective locations of employment and residency.

9.  "Depositions of a corporation through its officers or agents should ordinarily be taken at the corporation's principal place of business, especially when the corporation is a Defendant." Ex parte Toyokuni and Co., Ltd., 715 So. 2d 786 (Ala. 1998), citing Salter v. Upjohn Co., 593 Fd.2d 649 (5th Cir. 1979) and Ex parte Armstrong, 412 So. 2d 772, 773 (Ala. 1982). Based on the authority of Ex parte Toyokuni, the depositions of Kathleen Schrader and Kevin Clingenpeel are due to be taken in Tampa, Florida and Charlotte, North Carolina, respectively.

10. Undersigned counsel has attempted to resolve this discovery dispute with counsel for Gray, but has been unsuccessful in doing so.

WHEREFORE, PREMISES CONSIDERED, Metropolitan and Hardy respectfully request this Honorable Court enter a Protective Order staying discovery until such time as the pending motions to dismiss are ruled upon in both the state and federal cases. Furthermore, if the depositions of Kathleen Schrader and Kevin Clingenpeel take place, the Defendants seek a Protective Order that these depositions take place in Tampa, Florida, and Charlotte, North Carolina, respectively.

Respectfully submitted,

*/s/ David A. Barlow*
Ralph D. Gaines, III (GAI006)
Daniel S. Wolter (WOL012)
Davis A. Barlow (BAR124)
Attorneys for Metropolitan Property
And Casualty Insurance Company
And Charlie E. Hardy

**OF COUNSEL:**

**GAINES, WOLTER & KINNEY, P.C.**
3500 Blue Lake Drive
Suite 425
Birmingham, AL 35243
(205) 980-5888 Phone
(205) 980-1098 Fax

## CERTIFICATE OF SERVICE

  I hereby certify that a copy of the above and foregoing has been served upon counsel for all parties by placing a copy of same in the United States Mail, properly addressed and postage prepaid, this the 19th day of May, 2006, to:

Stanley F. Gray
Gray, Langford, Sapp, McGowen,
Gray & Nathanson
P.O. Box 830239
Tuskegee, Alabama 36083-0239

                 _____
                 OF COUNSEL

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

| | |
|---|---|
| FRED D. GRAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 06-68 |
| | ) |
| METROPOLITAN PROPERTY AND | ) |
| CASUALTY INSURANCE COMPANY, | ) |
| CHARLIE E. HARDY, | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' SUPPLEMENTAL MOTION TO DISMISS

COME NOW the Defendants Metropolitan Property and Casualty Insurance Company (hereinafter "Metropolitan") and Charlie E. Hardy (hereinafter "Hardy") and supplement their previously filed Motion to Dismiss or in the Alternative Motion to Stay this lawsuit. As grounds in support of this motion, Defendants state as follows:

**I.   All the claims against Hardy are due to be dismissed as the Complaint either fails to state a cause of action against Hardy or the allegations against Hardy are barred by the statute of limitations.**

**A.   Breach of Contract**

Plaintiff Fred Gray's (hereinafter "Gray") breach of contract claim against Hardy is due to be dismissed, to the extent Gray has alleged a breach of contract claim against Hardy. Hardy is an insurance agent engaged in the solicitation and sales of insurance policies. It is undisputed from the face of the Complaint that Hardy sold the Plaintiff the Metropolitan homeowner's policy at issue in this lawsuit. It is further evident from the face of the Complaint that Gray's breach of contract claim concerns the alleged breach of a homeowner's insurance policy. Alabama law is well settled that non-parties to an

**EXHIBIT 2**

insurance contract cannot be held liable for breach of contract. <u>Ligon Furniture Co., Inc. v. O.M. Hughes Ins., Inc.</u>, 551 So. 2d 283 (Ala. 1989); <u>Pate v. Rollison Logging Equipment, Inc.</u>, 628 So. 2d 337 (Ala. 1983). Hardy never entered into a contract whereby Hardy agreed to insure Gray, nor is there any allegation that Hardy contracted to insure Gray.

Gray loosely characterizes his breach of contract claim against the Defendants, without specifying which Defendant he allegedly entered into a contract with or which Defendant breached the alleged contract. However, Gray specifically alleges that Metropolitan issued a homeowner's policy to him and that he paid his premiums to Metropolitan. (Complaint at ¶¶ 6, 33.) There is no allegation that Hardy issued the homeowner's policy or that any premiums were paid to Hardy. On its face, it is clear that Gray's Complaint fails to state a breach of contract claim against Hardy, therefore, Hardy requests this Honorable Court dismiss the claim against him.

**B.  Bad Faith**

Gray's bad faith claim against Hardy is also due to be dismissed, to the extent that Gray has alleged a bad faith claim against Hardy. In his Complaint, Gray simply refers to "Defendant," in the singular. (Complaint, Count II.)

A threshold requirement in a bad faith claim is "proof of the existence of an insurance contract between the parties." <u>Applin v. American Sec.Ins. Co.</u>, 568 So. 2d 757, 758 (Ala. 1990); See also <u>National Sec. Fire & Cas. Co. v. Bowen</u>, 417 So. 2d 179, 183 (Ala. 1982) (the Plaintiff has the burden in a bad faith case in proving an insurance contract between the parties and a breach of an insurance contract by the Defendant). It is clear from Gray's Complaint that there was never a contract entered into between

2

Hardy and Gray whereby Hardy provided insurance coverage to Gray. It is also undisputed that Metropolitan issued a homeowner's policy that is the subject of this lawsuit.

As it is clear from the face of the Complaint that there was no a contract between Hardy and Gray, likewise it is also apparent that Gray cannot maintain a bad faith claim against Hardy. Due to the absence of an insurance contract between Hardy and Gray, Gray's bad faith claim against Hardy, to the extent one has been alleged, is due to be dismissed.

### C. Negligence and Wantonness

Again, Gray refers to "Defendant" in the singular in his claims for negligence and wantonness. To the extent Gray includes Hardy in his negligence and wantonness claims, those claims are due to be dismissed as the two year statute of limitations has run on those claims. ALA. CODE § 6-2-38 (1975). It is undisputed from the face of the Complaint that the fire that triggered the loss that set the statute of limitations in motion occurred on February 10, 2004. The allegation is that the Defendant, singular, failed to properly handle, investigate and pay Plaintiff's claim. According to paragraph ten of Gray's Complaint, Hardy allegedly assured Gray on the day of the fire that "he would personally, expeditiously investigate and settle the claim for the personal property loss by Gray."

In Alabama the statute of limitation begins to run when a cause of action accrues. Desouza v. Lauderdale, 2005 WL 1532344 (Ala. Civ. App. June 30, 2005); citing Jackson v. Secor Bank, 646 So. 2d 1377, 1379 (Ala. 1994). The act that triggered the statute of limitations in the instant action was the fire and comments made by Hardy on

3

the day of the fire, February 10, 2004. It is undisputed that Gray did not file this lawsuit until March 23, 2006, after the statue of limitations had run. Therefore, Gray's negligence and wantonness claims against Hardy are due to be dismissed.

### D. Fraud

Gray's allegation of fraud against Hardy stems from representations Hardy allegedly made prior to the fire and on the date of the fire, February 10, 2004. (Complaint at ¶¶ 5, 10). Gray did not file suit until March 23, 2006. (Complaint.) Clearly the fraud claim arose on or about February 10, 2004, the last day that Hardy made the alleged representations. As such, the two year statute of limitations ran prior to Gray filing his Complaint on March 23, 2006.

## II.   Plaintiff's claims against Metropolitan are due to be dismissed for failure to state a claim upon which relief can be granted and certain claims are barred by the applicable statute of limitations.

### A. Breach of Contract and Bad Faith

Gray has asserted a breach of contract claim and a bad faith claim against Metropolitan. Both of these claims are due to be dismissed as the cause of action under these claims has not yet accrued and therefore is not ripe for adjudication before this Court.

In order to maintain a breach of contract and bad faith claim, an insurance contract must exist and be breached by the insurer. Further, in <u>Davis v. Cotton States Mutual Insurance Company</u>, the Alabama Supreme Court stated as follows: "Since recognizing the tort of bad faith in Alabama, this Court has held that proof of mere negligence or mistake is not sufficient to support a claim of bad faith; there must be a refusal to pay, coupled with a conscious intent to injure." <u>Davis v. Cotton States Mut.</u>

4

Ins. Co., 604 So. 2d 354, 359 (Ala. 1992). There is no showing based on the Complaint that Metropolitan has breached any contract with Gray, nor has there been a denial of Gray's claim and there is certainly no showing of a conscious intent to injure. Rather, Metropolitan has been investigating the claim and has filed a declaratory judgment action in Federal Court to determine Metropolitan's rights and obligations under the subject insurance policy. As such, there has yet to be a breach of a contract on Metropolitan's behalf.

**B.     Negligence and Wantonness**

As previously discussed above, the statute of limitations for negligence and wantonness claim is two years. The statute begins to run when the cause of action accrues. In this case, the action that triggered the statute of limitations was the fire on February 10, 2004 and the subsequent claim filed on February 17, 2004. (Complaint at ¶¶ 7, 11.) It is undisputed that Plaintiff did not file this lawsuit until March 23, 2006, beyond the two year statute of limitations.

Clearly, the negligence and wantonness claims against Metropolitan are due to be dismissed as both claims have been filed outside the two year statute of limitations.

**C.     Fraud**

A review of the Complaint indicates that the representations that make up the fraud claim were allegedly made by Hardy. It is undisputed that the representations Gray alleges he relied upon were made prior to the fire and on the day of the fire, February 10, 2004. As such, the two year statute of limitations began to run, at the latest, on February 10, 2004. Clearly the statute of limitations ran prior to the filing of this lawsuit on March 23, 2006. Therefore the fraud claim against Metropolitan is due to be dismissed.

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully requests this Honorable Court dismiss all claims pending against them in this matter.

Respectfully submitted,

/s/ Davis A. Barlow
Ralph D. Gaines, III (GAI006)
Daniel S. Wolter (WOL012)
Davis A. Barlow (BAR124)
Attorney for Metropolitan Property
And Casualty Insurance Company

**OF COUNSEL:**

**GAINES, WOLTER & KINNEY, P.C.**
3500 Blue Lake Drive
Suite 425
Birmingham, AL 35243
(205) 980-5888 Phone
(205) 980-1098 Fax

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the above and foregoing has been served upon counsel for all parties by placing a copy of same in the United States Mail, properly addressed and postage prepaid, this the __19th__ day of __May__, 2006, to:

Stanley F. Gray
Gray, Langford, Sapp, McGowen,
Gray & Nathason
P.O. Box 830239
Tuskegee, Alabama 36083-0239

                                                                                                                                              OF COUNSEL

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

| | |
|---|---|
| FRED D. GRAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| V. ) | CASE NO.: CV-2006-68 |
| ) | |
| METROPOLITAN PROPERTY AND ) | |
| CASUALTY INSURANCE COMPANY, ) | |
| CHARLIE E. HARDY, As Agent ) | |
| For Metropolitan Property And ) | |
| Casualty Insurance Company, ) | |
| ) | |
| Defendants. | |

**MOTION TO COMPEL**

Comes now Plaintiff, by and through his undersigned counsel and pursuant to Rule 37 of the Alabama Rules of Civil Procedure, and respectfully moves this Court enter an Order compelling Defendants to respond to Plaintiff's Interrogatories and Requests for Production of Documents. In support of said motion, Plaintiff states as follows:

1. On March 24, 2006, Plaintiff served his Interrogatories and Request for Production of Documents to Defendants, along with the complaint.

2. Counsel for Plaintiff has requested, by letter, that Defendants respond to Plaintiff's written discovery. Defendants have not responded to the discovery requests.

3. Defendants' discovery responses are now past due. Plaintiff cannot adequately prosecute this claim without complete responses in written discovery.

**EXHIBIT 3**

WHEREFORE, THE ABOVE PREMISES CONSIDERED, Plaintiff respectfully request this Court enter an Order compelling Defendants to submit responses to Plaintiff's Interrogatories and Request for Production.

DATE: May 22, 2006

Respectfully submitted,

*/s/ Stanley F. Gray*
Walter E. McGowan (MCG016)
Stanley F. Gray (GRA053)
Gray, Langford, Sapp, McGowan,
Gray & Nathanson
Post Office Box 830239
Tuskegee, Alabama 36083-0239
(334) 727-4830

**Attorneys for Plaintiff**

## CERTIFICATE OF SERVICE

I, certify that I have served a true and correct copy of the foregoing instrument upon the following via U. S. Mail, postage prepaid, this the 22nd day of May 2006 to:

Ralph D. Gaines, III
Daniel S. Wolter
Davis A. Barlow
Gaines, Wolter & Kinney, P.C.
3500 Blue Lake Drive
Suite 425
Birmingham, AL  35243

/s/ Stanley F. Gray
Of Counsel